UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL J. MORELAND, *et al.*,

Plaintiffs,

v.

THE SPORTSMAN'S GUIDE, INC.,

Defendant.

17-CV-1034-LJV
DECISION & ORDER

---

On July 12, 2023, United States Magistrate Judge Jeremiah J. McCarthy—to whom this case is referred, *see* Docket Item 4—issued a decision and order, Docket Item 154, on a motion in limine brought by the defendant, The Sportsman's Guide, Inc. ("Sportsman's"), Docket Item 118.[1] As relevant here, Judge McCarthy determined that a portion of the testimony provided by expert witness Jamie L. Petty-Galis should be precluded. Docket Item 154 at 3-4. On July 26, 2023, the plaintiffs, Michael and Kathryn Moreland, appealed that portion of Judge McCarthy's decision. Docket Item 159. Sportsman's then responded, Docket Item 161, and the Morelands replied, Docket Item 163.

---

[1] As Judge McCarthy correctly observed, "[t]he motion is non[-]dispositive." Docket Item 154 at 1 n.2 (citing *Dreyer v. Ryder Auto. Carrier Grp., Inc.*, 367 F. Supp. 2d 413, 416 (W.D.N.Y. 2005)); *see Dreyer*, 367 F. Supp. 2d at 414-16 (noting that "motions concerning the admissibility of expert testimony at trial" are "non-dispositive"). But even if it were not, *see Bennett v. Target Corp.*, 2018 WL 5784354, at *1 n.1 (E.D.N.Y. Nov. 5, 2018) (noting that motions "to preclude expert testimony . . . are typically considered non-dispositive," but treating motion as dispositive "[i]n an abundance of caution" because a "decision altogether precluding the expert testimony . . . would necessarily be dispositive in nature" with respect to New York state law "defective design" claim), this Court would agree with Judge McCarthy's decision applying *de novo* review.

For the reasons that follow, Judge McCarthy's decision is affirmed.

## LEGAL PRINCIPLES

"[A]ny appeal from a non-dispositive decision by a magistrate judge . . . is reviewed under a 'clearly erroneous or contrary to law' standard." *United States v. Williams*, 339 F. Supp. 3d 129, 132 (W.D.N.Y. 2018) (quoting 28 U.S.C. § 636(b)(1)(A)). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 132-33 (quoting *United States v. Feneziani*, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007)). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion." *Id.* at 133 (quoting *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013)).

## DISCUSSION

This case arises from injuries Michael Moreland allegedly sustained while using a climbing stick manufactured by Sportsman's. Docket Item 53 at ¶ 7. Petty-Galis wrote reports and provided deposition testimony as to the cause of the climbing stick's alleged failure. *See* Docket Items 118-5, 118-6, 118-7.

Judge McCarthy determined that Petty-Galis could testify "as to the nature of the buckle fracture" that allegedly caused Michael Moreland's injuries. Docket Item 154 at 2-3. But, he said, her opinion that "Buckle 3 most likely failed after Buckle 1 failed[,] releasing Item 3 from the tree" should be precluded because her reports did not provide

a "basis for th[at] conclusion." *Id.* at 3-4 (citing Docket Item 118-6 at 6).  Judge

McCarthy also noted Petty-Galis's "admission that 'accident reconstruction . . . wasn't

part of what [she] was asked to do and that is not something that's in [her]

wheelhouse.'" *Id.* (citing Docket Item 118-5 at 13).

The Morelands appealed Judge McCarthy's finding that Petty-Galis should not be

permitted to testify about "the sequence of the fracture."  Docket Item 159.  They

contend that Petty-Galis's opinion on that issue "is sufficiently reliable and relevant . . .

because it was based on a methodology in the field of metallurgy known as a failure

analysis[] and the testimony of Dan Harbison," who "installed and removed the climbing

sticks" and "described the order [in which] the sticks were installed."  *Id.* at 4-6.

The Court has reviewed the Morelands' briefs in support of their appeal, Docket

Items 159 and 163; Petty-Galis's testimony and reports, Docket Items 118-5, 118-6,

118-7; and Harbison's deposition testimony, Docket Item 132-18.  But like Judge

McCarthy, the Court sees no "basis for [Petty-Galis's] conclusion" that "Buckle 3 most

likely failed after Buckle 1 failed[,] releasing Item 3 from the tree."  *See* Docket Item 154

at 3-4.

The Morelands assert that Petty-Galis's report and testimony and Harbison's

testimony support that conclusion.  *See* Docket Item 159 at 4-6.  But that assertion is

conclusory and unsupported by any meaningful argument, let alone argument that

meets the "heavy burden" of showing that Judge McCarthy's decision was clearly

erroneous.  *See* Docket Item 159 at 4-6; *see also Williams*, 339 F. Supp. 3d at 133.

Rather, the Morelands merely excerpt portions of Petty-Galis's reports and testimony

without explaining why those reports and testimony render her opinion admissible. *See* Docket Items 159 and 163.

Therefore, as Sportsman's argues, the Morelands "d[o] not reference any specific argument that Judge McCarthy's decision was contrary to the law," Docket Item 161 at 9, and have failed to show that he clearly erred.

## **CONCLUSION**

For the reasons stated above, Judge McCarthy's decision and order, Docket Item 154, is affirmed.  The case is remanded back to Judge McCarthy for further proceedings consistent with the referral order of October 16, 2017, Docket Item 4.

SO ORDERED.

Dated:   June 4, 2024
         Buffalo, New York


   */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE